**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM
FIRE AND CASUALTY COMPANY,

     Plaintiffs,

                                Case No.: 6:25-cv-00589-
v.                              AGM-RMN

COMPLETE CARE CENTERS, LLC,

     Defendant.

_____/

## COMPLETE CARE'S NOTICE OF FILING SUMMARY JUDGMENT ORDER FROM STATE COURT CASE IN FURTHER SUPPORT OF COMPLETE CARE'S MOTION TO STAY

Defendant, Complete Care Center, LLC (Complete Care) hereby gives notice of filing the attached Order Granting Complete Care's Motion for Partial Summary Judgment on Count III of its Complaint as to Use of Letters of Protection (Order), in further support of Complete Care's Motion to Stay or Abstain Pending Decision in State Court (Dkt. 32). The attached Order resolves the central issues in this federal case:

**(1)** It is entirely lawful to defer coinsurance charges and deductibles under letters of protection (LOPs) pending the resolution of patients' bodily injury claims. "It is not for any state judge or federal judge to rewrite Florida law to state otherwise. ... Complete Care's use of LOPs has been standard practice in the PIP

industry all of those 25 years. Again, nothing has changed in Florida law since 2003 to change the legality of that practice." (¶ 5 Order)

**(2)** "State Farm admitted that its Florida PIP policies do not require any 'copayment' amount to be paid by its insureds, acknowledging that it is always '$0.00.'" (¶ 10 Order)

**(3)** "Undercutting State Farm's position is the fact the parties have been litigating this issue for approximately 10 years, including State Farm suing Complete Care in federal court in April 2025 over this same factual assertion that Complete Care violated section 817.234(7)(a). State Farm's position that it needs evidence it did not have when it sued Complete Care allegedly in 'good faith' lacks merit." (¶ 9 Order)

And, **(4)** "State Farm admits, until a provider's charges are submitted to a PIP insurer for payment, it is 'impossible' to know or collect any potential deductible or coinsurance amount that may apply." (¶ 6 Order)

The Order also rejected State Farm's arguments that the state court case should, or even could, be stayed pending this instant, subsequently filed, federal action, filed long after the earlier-filed state court case commenced. The state court held: "After considering the Motion, *State Farm's response*, the record and Florida law, ... for the reasons explained in the Motion, the Motion is granted ..." (italics added) (Introductory Paragraph, Order). Filed herewith is the Reply filed in support of the Motion, addressing the arguments in State Farm's response that the state court soundly rejected.

*/s/ John D. Goldsmith*
John D. Goldsmith | FBN: 444278
jgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
Patrick M. Causey | FBN: 086443
pcausey@trenam.com
jstraw@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy, Suite 2700
Tampa, Florida 33602
Tel: 813-223-7474 | Fax: 813-229-6553
*Attorneys for Complete Care Centers, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 5, 2026, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of filing and copy to all counsel of record.

*/s/ John D. Goldsmith*
Attorney

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

COMPLETE CARE CENTERS, LLC,

     Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE        CASE NO.: 25-CA-001063
INSURANCE COMPANY, STATE FARM       CASE NO.: 25-CA-004520
FIRE AND CASUALTY COMPANY, et. al.,

     Defendants.

_____/

ORDER GRANTING COMPLETE CARE CENTERS, LLC'S MOTION FOR PARTIAL
SUMMARY JUDGMENT ON COUNT III OF ITS COMPLAINT
AS TO USE OF LETTERS OF PROTECTION

That Complete Care Center, LLC's Motion for Partial Summary Judgment was heard on

January 13, 2026. After considering the Motion, State Farm's response, the record and Florida

law, the Court FINDS, ADJUDGES and DECREES:

    1.   That for the reasons explained in the Motion, the Motion is granted for the reasons set forth

below.

    2.   That it is significant to understand that the statute at issue--817.234(7)(a)--was created in

2003. At that time the use of Letters of Protection (LOP) was in wide use. Thereafter, parts of

section 817.234 have been amended 7 times, but nothing changed the following. As enacted, 7(a)

expressly provides: "This provision does not apply to physicians or other providers who waive

deductibles or copayments or reduce their bills as part of a bodily injury settlement or verdict."

Such is the purpose of an LOP. Thus, on its face, the statute does not bar the use of LOP so long

as the language of the LOP does not expressly violate the other terms of 7(a).[1] To be clear, unless

_____

[1] No reported decisions support State Farm's Position.

the LOP states expressly that the insured/patient does not have to pay deductibles or coinsurance or otherwise clearly states he or she never has to pay those charges, use of the LOP is not unlawful. This certainty is required because medical providers, insurers and patients must have clarity in this especially important area of healthcare. Delays in receiving healthcare often lead to worsening health problems, leading to greater costs and lower productivity. The public policy behind PIP was founded on these principles.  It is not for any state judge or federal judge to rewrite Florida law to state otherwise.

3.   That the above ruling does not lessen in any way Complete Care's duty to "make a good faith attempt to collect such deductible or copayment."  It is critical to note that because 7(a) imposes that duty on Complete Care, it is unlawful for anyone to interfere with Complete Care's duty to do so without a supporting court order.  As will be touched on below in paragraph 6, the PIP statutes are replete with many deadlines in an effort to make the use of PIP coverage as automatic and timely as possible.  Where the legislature has not provided time lines it is not for insureds or judges to do so.

4.   That Count III of the complaint seeks a judicial declaration that Complete Care may defer collection of patients' coinsurance amounts and deductibles (collectively "Coinsurance Obligations") under "letters of protection" until those obligations are collected, reduced, or waived upon resolution of the patients' bodily injury claims.

5.   That a portion of Complete Care's patients are State Farm insureds involved in motor vehicle accidents and, therefore, covered by PIP insurance.   Complete Care submits claims to State Farm for payment through assignments of those patients' PIP and medical payments coverage ("MPC") benefits. [SOF, ¶¶ 1-2]. State Farm contends that under Fla. Stat. §817.234(7)(a), it is unlawful for Complete Care to defer collection of Coinsurance Obligations under LOPs until patients' bodily injury claims resolve. [SOF, ¶ 3].  State Farm contends that

before Complete Care may lawfully submit a statement of a patient's charges for payment to State Farm, Complete Care must first attempt to collect up to $3,500 of Coinsurance Obligations from the patient directly out-of-pocket. [SOF, ¶ 4]. State Farm asserts that delaying attempts to collect Coinsurance Obligations until after Complete Care submits its charges for payment to State Farm (which must be within 35 days of treatment, see § 627.736(5)(c)) constitutes insurance fraud under section 817.234(7)(a), rendering all such charges unlawful and non-compensable by both State Farm and its insureds under section 627.736(5)(b)(1)(c). [SOF, ¶¶ 4-5]. Based on this position, in April 2025, State Farm ceased paying and continues to refuse to process all of Complete Care's current and future claims for PIP benefits under policies lacking supplemental MPC benefits that give rise to Coinsurance Obligations ("Collectively Prejudged Claims"). [SOF, ¶ 6]. Based on State Farm's own admissions, its decision to refuse to process or pay all Collectively Prejudged Claims is based on Complete Care's alleged practice of delaying collection of Coinsurance Obligations under LOP until patients' bodily injury claims resolve. [SOF, ¶ 17; Injunction Order ¶5]. This judge is in his 25th year. Complete Care's use of LOPs has been standard practice in the PIP industry all of those 25 years. Again, nothing has changed in Florida law since 2003 to change the legality of that practice.

6.    That, clearly, State Farm's refusal to pay or process all Complete Care claims harms State Farm's insureds who cannot use their PIP benefits with their chosen physicians at Complete Care [SOF, ¶ 7]. It further harms Complete Care because it is not receiving payment for services it renders while the finite PIP benefits in the State Farm policy continue to exhaust through payments to third parties and it continues to lose patients and goodwill. [SOF, ¶¶ 8, 18-24]. That under Florida's PIP statute, section 627.736, to utilize their PIP benefits a patient must first be treated by a medical provider for their injuries related to a motor vehicle accident within 14 days of the accident. See Fla. Stat. 627.736(1)(a). After treating a patient within 14 days of their motor vehicle

accident, a medical provider must thereafter submit a statement of their charges to the patient's PIP insurer within no more than 35 days of such treatment. *See* Fla. Stat. § 627.736(5)(c) ("the insurer is not required to pay charges for treatment or services rendered more than 35 days before the postmark date or electronic transmission date of the statement, …").  Failure to submit the charges within such 35-day period post-treatment (and initially no more than 49 days post-accident) makes the charges ineligible for payment. *See* Fla. Stat. § 627.736(1)(a) & (5)(c).  That as State Farm admits, until a provider's charges are submitted to a PIP insurer for payment, it is "impossible" to know or collect any potential deductible or coinsurance amount that may apply. [Injunction Order n. 8; SOF, ¶¶ 4-5].  *See also*, *Allstate Fire & Cas. Ins. Co. v. Sports, Spine, Occup., Rehab., Inc.*, 335 So. 3d 725, 726-27 (Fla. 4th DCA 2022).

7.  That as this Court previously found in the October 21, 2025 Order Granting a Temporary Injunction [Dkt. #127, Case No. 25-CA-001063], the essential facts are undisputed. [Injunction Order, ¶ 3].  The record establishes: (1) a bona fide dispute between the parties [SOF, ¶¶8-10]; (2) a justiciable question as to the right to defer Coinsurance Obligations under letters of protection [SOF, ¶ 11]; (3) Complete Care's doubt as to its rights due to State Farm's actions [SOF, ¶¶ 13-17]; and (4) a present need for declaration due to ongoing harm [SOF, ¶¶ 18-24].

8.  That Florida Rule of Civil Procedure 1.510, as amended, requires the Court to grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  *See In re* Amendments to Fla. R. of Civ. P. 1.510, 309 So. 3d 192 (Fla. 2020) and 317 So. 3d 72 (Fla. 2021); *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The non-movant must present specific factual evidence beyond mere allegations.  *See Gargiulo v. G.M. Sales, Inc*., 131 F.3d 995, 999 (11th Cir. 1997); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). Pending discovery does not bar summary judgment where, as here, the issue presented is a question of law and the non-movant had ample opportunity to obtain, and in fact did

obtain written discovery and numerous hours of deposition and hearing testimony, all concerning the very same narrow issue addressed in Count III.  *See Congress Park Office Condos II, LLC v. First–Citizens Bank & Trust Co.*, 105 So. 3d 602, 608 (Fla. 4th DCA 2013); *Harper v. Wal-Mart Stores East, L.P.*, 134 So. 3d 557, 558 (Fla. 4th DCA 2014). [Injunction Order, n. 1 & 3].

9.  That, significantly, while State Farm is the defendant in this action, it is the party that instigated this dispute by unilaterally deciding that it had a valid factual basis to cease processing and paying all Collectively Prejudged Claims.  Notwithstanding its self-imposed injunction, State Farm has not presented any, much less material, factual support for doing so.  Undercutting State Farm's position is the fact the parties have been litigating this issue for approximately 10 years, including State Farm suing Complete Care in federal court in April 2025 over this same factual assertion that Complete Care violated section 817.234(7)(a).  Thus, State Farm's position that it needs evidence it did not have when it sued Complete Care allegedly in "good faith" lacks merit. Most significantly, the sole issue on summary judgment is a narrow, legal one -- whether it is lawful to defer Coinsurance Obligations under an LOP until patients' bodily injury claims resolve. No discovery is needed to answer that question.

10. That at the injunction hearing, State Farm admitted that its Florida PIP policies do not require any "copayment" amount to be paid by its insureds, acknowledging that it is always "$0.00." [Injunction Order n. 8; SOF, ¶12].  That is, without obtaining an Explanation of Review or PIP payout log reflecting whether there is a deductible, and if so, how much to apply to the provider's bill, and what if any coinsurance obligations may exist based on the finite amount of unexhausted PIP benefits that may remain on the patient's policy, it is 'impossible' for a medical provider to acquire the information necessary to collect the proper amount of a coinsurance obligation." [Injunction Order n. 8; SOF, ¶¶ 4-5].

11. That the Court concludes that Complete Care has met its burden under Rule 1.510 by demonstrating that there are no genuine disputed issues of material fact and that it is entitled to judgment as a matter of law on Count III for declaratory relief.  Therefore, the Motion for Summary Judgment on Count III for Declaratory Relief is GRANTED.  Thus, State Farm must not fail to process and pay Complete Care's PIP bills just because a LOP is in place that allows for deferment of patient coinsurance and deductibles.

12. That State Farm's request to delay this ruling because of the pending appeal of the injunction previously entered against it in this case is not supported by the law or the facts.  This case is not about a one instance breach that occurred at a date certain in the past, but rather about both sides ongoing duties to citizens of this state who have purchased insurance from State Farm and received medical treatment from Complete Care with a contractual expectancy that State Farm will honor its contract to pay for health services rendered after a motor vehicle accident.  Also, only the injunctive relief is on appeal, not the entire case.  That is, there is no stay restricting the contemplation of the Motion.

**DONE AND ORDERED**, in Hillsborough County, Florida on the _____ day of February, 2026.

Electronically Conformed 2/4/2026
Paul Huey
_____
**PAUL L. HUEY**
Circuit Court Judge

Copies to: Counsel of Record (via JAWS)

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

COMPLETE CARE CENTERS, LLC

      Plaintiff,

v.                                   Case No. 25-CA-001063
                                         Case No. 25-CA-004520

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, STATE FARM
FIRE AND CASUALTY COMPANY, ACACIA
JENNINGS, individually, a resident of Florida,
RICHARD GREGORY, individually, a resident
of Florida, and I. WAI LEI, individually, a
resident of Florida,

      Defendants,

_____/

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON COUNT III OF THE COMPLAINT FOR DECLARATORY RELIEF

      Plaintiff, Complete Care Centers, LLC (Plaintiff or Complete Care), submits this Reply in further support of its summary judgment motion on Count III (Motion) and in response to State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's (State Farm or Defendants) Response in Opposition to Summary Judgment.

### I.    INTRODUCTION

      State Farm asserts the same rejected and abandoned arguments it has made throughout this case, and even when this dispute was pending before Judge Valkenburg.  As set forth below and in Complete Care's Motion, State Farm's arguments are without merit and should be rejected.

### II.    STATE FARM'S PROCEDURAL ARGUMENTS ARE MERITLESS

      Tellingly, rather than addressing the merits of the Motion, State Farm spends the first six pages of its argument section raising procedural issues which have either been abandoned by State Farm, rejected by this Court, or responds to arguments not made by Complete Care.  State Farm

studiously avoids addressing the merits of the *purely legal question* addressed in Count III of the

Complaint, seeking to distract with factual arguments having nothing to do with Count III.

> ### A.     The Motion to Stay, Which Has Not Been Set for Hearing Despite the Court's Instruction to State Farm in August 2025, is Not a Basis to Deny the Motion

State Farm first argues that Count III, and the other claims, should be resolved in the federal

action for the reasons set forth in a motion to stay filed by State Farm.  A motion to stay the federal

action *was first filed by Complete Care* in July 2025 *in the federal action*.  Complete Care's stay

motion is fully briefed and pending an order in federal court.  While the federal court is yet to rule

on Complete Care's motion, *the federal court has ordered a stay of all discovery in the federal

case* until the federal court rules on Complete Care's motion.  The federal case was reassigned to

the Honorable Anne-Leigh Gaylord Moe, after her recent appointment to the federal bench.

After Complete Care filed its motion to stay in federal court, State Farm filed its first

motion to stay in this Court.  At a hearing in August 2025 on other issues, State Farm raised its

then recently filed stay motion and this Court, after expressing skepticism about the motion,

directed State Farm's counsel to "contact Sandy [the Court's judicial assistant] and get a hearing

date".  State Farm then abandoned efforts to set the motion for hearing.  In November 2025 State

Farm sought a writ of mandamus in the Second District Court of Appeals, in part seeking an order

to stay this case erroneously based on the motion to stay that it *never set for hearing*.  In late

December 2025, State Farm filed another motion to stay, which also has yet to be set for hearing.

**First**, this Court cannot interfere with the jurisdiction of the Second District by ruling on a

matter which is on review in the District Court.  For this reason, this Court cannot consider the

stay part of State Farm's opposition.

**Second**, State Farm cannot properly "piggyback" its motion to stay into its opposition to

summary judgment.  This Court asked State Farm to set its stay motion for hearing five months

ago, yet State Farm has not taken any action to set it for hearing.  State Farm cannot now oppose

summary judgment based on a stay motion it has abandoned.

**Third**, the motion to stay should be decided in a hearing properly set on a motion to stay,

not incorporated into an opposition to summary judgment.  Complete Care should have the

opportunity to fully brief and argue the motion.

In addition to the procedural defects that prevent the stay motion from being properly

considered as a part of State Farm's opposition to summary judgment – it is also meritless.

Specifically, the stay motion is factually inaccurate because it is based on the false premise that

the federal action is the first filed action, when in fact this case (Case No. 25-CA-001063) was

originally filed in County Court **in 2023** before being transferred to the Circuit Court in January

2025 after State Farm filed a counterclaim which exceeded the jurisdictional limits of the County

Court – three months **before** State Farm thereafter filed its redundant federal action in April 2025.

The "first filed action" is this consolidated state court case, not the federal case.  Further, State

Farm argued in the federal case that the "first filed" rule does not apply when one case is in state

court and the other case is in federal court.[1]  This is precisely the opposite position that State Farm

is taking in this case.  State Farm cannot simultaneously argue before this court that the "first filed"

rule applies while arguing in the federal case that the "first filed" rule does not apply.

---

[1] State Farm argued in federal court that *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d
1169, 1174 (11th Cir. 1982), which stands for the proposition that the "first filed" rule applies when one
case is state court and the other case is in federal court is no longer good law, even though it has not been
rejected by the Eleventh Circuit. State Farm points to district court cases which suggests the Eleventh
Circuit no longer takes this position based on *Ambrosia Coal and Constr. Co. v. Pag̃es Morales*, 368 F. 3d
1320, 1328 (11th Cir. 2004). *Ambrosia*, however, is based on *Colorado River* abstention, not the "first-
filed" rule, and is based on a completely different set of facts, where the action (which involved both federal
and state claims) was filed first in Puerto Rico but without notifying or serving the other side until another
case in federal district court was filed and served. The instant case involves state law claims only and was
filed and served on State Farm long before State Farm filed and served the instant case. Judge Clark's
emphasis in *Haydu* was about comity and federalism where state law only claims are filed first in state court
– the same situation involved in this case.

The instant lawsuit (*Complete Care II*, which is now consolidated with *Complete Care V* – and proceeds under the lower and consolidated Case No. 25-CA-001063) involves the **identical** issues that are pending in the federal action. Specifically, both *Complete Care II* (which sued over the lawfulness of deferring Coinsurance Obligations in 2023) and *Complete Care V* (which directly puts at issue the breach, interpretation, and effect of the 2025 Settlement Agreement) are properly before this court that first acquired jurisdiction. State Farm already tried to stay *Complete Care II* in favor of its subsequently filed and duplicative federal declaratory action (*Complete Care III*), and this court rejected State Farm's motion.[2]

Even worse, State Farm conspicuously omits its **two failed attempts** to remove this instant consolidated case to federal court, which **lacks jurisdiction** over the instant claims. That is, both federal Judges Jung and Merryday have remanded the instant consolidated case to this Court – yet State Farm fails to address those facts and argues for this Court to reject the sound judgment of those two federal judges who decided the federal court lacks jurisdiction to hear these claims. *See Sunshine State Serv. Corp. v. Dove Investments of Hillsborough,* 468 So. 2d 281, 283 (Fla. 5th DCA 1985) (The fact defendants "could not remove the case at bar to federal court demonstrates that the federal courts **do not have concurrent jurisdiction** ….") (brackets added); and see *Gold-Fogel v. Fogel,* 16 F.4th 790, 797 (11th Cir. 2021) (It is "'uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, …'") (citing *Ameritas Variable Life Ins. Co. v. Roach,* 411 F.3d 1328, 1331 (11th Cir. 2005) (federal courts should abstain and defer

---

[2] *Complete Care II*, 2024 WL 3517755, at *2 (Fla.Co.Ct.) ("The Court denies State Farm's *ore tenus* motion to stay this proceeding pending the outcome of State Farm's newly filed federal action … filed on February 22, 2024.") (citing *State Farm Mut. Auto. Ins. Co. v. Complete Care Centers, LLC,* 5D21-2313, 2022 WL 17100946, at *1 (Fla. 5th DCA 2022) (dismissing petition to quash order denying State Farm's motion to stay Complete Care's county court action during pendency of federal action)) (italics in original)

to even a "subsequently filed **parallel state court action"** when a federal action is used for "procedural fencing"—i.e., racing for res judicata or securing a federal forum '**in a case otherwise not removable."**)).

Further still, since both the instant lawsuit and the federal action involve exclusively state law issues, it is the federal case which the federal court should stay or abstain – this prior filed state court case should not be stayed. *Haydu*, 675 F.2d at 1174. This is particularly true when a matter involves state insurance law. *See State Farm Mut. Auto. Ins. Co. v. Larocca*, 135 F.4th 1337 (11th Cir. 2025) (certifying to the Florida Supreme Court because "the answer to this question impacts insurance in the state of Florida—a quintessentially state-law issue affecting a large number of Floridians."); *Gold-Fogel*, 16 F.4th at 797 (citing, *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331).

As such, this Court cannot properly consider the stay issues because they are presently on appeal by State Farm. Further, State Farm abandoned the stay motion by not attempting to set the motion for hearing. Finally, federal judges have twice remanded this instant state court action back to this Court as the federal court lacks subject matter jurisdiction over the instant claims, and State Farm failed to mention that fact, or that the federal also stayed discovery in State Farm's improper and redundant April 2025 action, which is primed to be stayed in favor of this instant proceeding. As such, on the merits, this case should not be stayed.

### B.    As this Court has Already Found, the Summary Judgment Motion Involves a Pure Question of Law and Therefore is Not Premature

State Farm next argues that the summary judgment motion is premature because it is based on an incomplete, expedited record from the temporary injunction hearing. State Farm made the same argument in State Farm's Motion for Extension of time to Respond to Plaintiff's Motion for Summary Judgment, seeking to delay this hearing by four months so that it could conduct

additional discovery.  This Court denied State Farm's motion finding that Complete Care summary

judgment motion involves pure issues of law: Whether it is lawful to defer collection of deductibles

and coinsurance amounts under letters of protection until patients' bodily injury claims resolve.

That's it. That question does not require more discovery to answer, and in fact, Judge Valkenburg

(and Judges Wolf and Polo) already answered it, with Judge Valkenburg ruling in this case while

it was pending before her in County Court, that:

> No language in F.S. §768.0427 or in any other Florida statute or legal decision
> pertaining to letters of protection limits their use to situations where a patient's
> coinsurance obligations are not outstanding.

Even more directly, Judge Polo held:

> As such, medical providers like Complete Care Centers, LLC, may hold a letter of
> protection and defer payment of charges by a bodily injury claimant, including
> coinsurance obligations, until the charges are collected, reduced or waived "as part
> of a bodily injury settlement or verdict." *Fla. Stat. § 817.234(7)(a); Fla. Stat. §
> 768.0427(1)(d); Worley, supra.*

*Joshua McKinney v. Hillsborough Area Regional Transit Authority,* Case No. 24-CA-007750, Dkt.
14, (Fla. 13th Cir. Ct., Feb. 14, 2025).

The instant summary judgment Motion, and Count III, seek a "judicial declaration that

medical providers like Complete Care may hold letters of protection and defer collection of

patients' coinsurance amounts and deductibles . . . until those obligations are collected, reduced or

waived upon resolution of the patients' bodily injury claims."  (Mot., p. 1).  As this Court

previously found, this is a pure question of law involving interpretation of section 817.234(7)(a)

and 768.0427(1)(d).

### C.      Complete Care Does Not Seek an Improper Advisory Opinion

State Farm next argues that the motion seeks an improper advisory opinion, inaccurately

arguing that Complete Care can only show a "possibility of legal injury on the basis of a

hypothetical 'state of facts which has not arisen' and are only contingent, uncertain, [and] rest in

the future", citing *Santa Rosa Cnty.*, 661 So. at 1193; *see Golfrock v. Lee Cnty.*, 247 So.3d 37, 40

(Fla. 2d DCA 2018)  for the proposition that "While the declaratory judgment act is intentionally

broad, it does have limits—one of which is that courts will not render advisory opinions or give

legal advice."

As set forth in detail in Complete Care's Motion, and as this Court knows from the

positions State Farm has taken leading up to and in this case, Count III does not seek an advisory

opinion – far from it.  Rather, Complete Care's declaratory action is necessary because State Farm

has argued that it is illegal to hold letters of protection and defer collection of patients' coinsurance

amounts and deductibles . . . until those obligations are collected, reduced or waived upon

resolution of the patients' bodily injury claims."  Complete Care does not seek an advisory opinion,

but a judicial determination of a disputed issue (that State Farm's own witness testified is State

Farm's "sole" basis for refusing to process its insureds' assigned claims to Complete Care on a

wholesale basis)—"Truly, that's it."  (Injunction Order, ¶5).  That is, State Farm's own witness

can impeach State Farm's opposition to summary judgment, as the testimony and record here

reflect that the declaration is exactly what is needed to prevent State Farm from further causing

catastrophic and irreparable harm to its own insureds and to Complete Care, all of which is

anchored in actual facts entitling Complete Care to relief.

As it admitted at hearing in September 2025, based on this position, State Farm (a) stopped

processing and paying all claims for personal injury protection (PIP) benefits submitted on policies

that lack supplemental medical payments coverage (MPC) benefits, (b) filed a lawsuit on this basis,

and (c) notified patients and the patients' lawyers that the patients did not need to pay Complete

Care for the amounts Complete Care had deferred pending the resolution of the bodily injury

claims.  Count III involves a controversy between actual litigants.  State Farm's position to the

contrary is meritless and outrageous.  Summary judgment should be granted.

**III.    <u>Complete Care Accurately Frames the Issues, State Farm Desperately Distorts Them</u>**

State Farm entirely ignores the text of Count III, and tries to argue that Complete Care's

Motion improperly focuses on deferral and not on whether Complete Care made a good faith effort

to collect copayments and deductibles.  State Farm's argument, however, proves Complete Care's

point.  Specifically, it is State Farm who has declined to process or pay any of Complete Care's

patient's PIP claims lacking MPC benefits on the sole basis that Complete Care is allegedly

deferring deductible sand coinsurance amounts (which State Farm also mischaracterizes as

"copayments").  State Farm's corporate representative. Bright, admitted at the injunction hearing

that State Farm does "not know" what Complete Care's collection rate is on deductibles,

coinsurance or "copayments," and that State Farm does not know the industry standard for

collection rates to measure Complete Care against. As incredible as those admissions were, it got

worse, as he also admitted that the "copayment" amount under State Farm's Florida PIP policies

is always "$0.00."  Based on this, Bright testified, the sole basis for not paying claims is the deferral

of the collection of deductibles and coinsurance (wrongly characterized as "copayments") –

"Truly, that's it." (Injunction Order, ¶5).

Further, State Farm's contention that there is a false dichotomy between coinsurance and

copayments is wrong as a matter of law and irrelevant to the summary judgment motion –

especially as it admitted the amount of "copayments" is always "$0.00."  State Farm's only

argument is to point to legislative history which casually uses the term "copayment" and its own

self-referential misuse of the term in prior cases.  As is the case here, where the language is

unambiguous legislative history cannot be considered. *Knowles v. Beverly Enterprises-Florida,*

898 So.2d 1, 10 (Fla. 2004) . "This is so because the Legislature is assumed to know the meaning of the words used in the statute and to have expressed its intent through the use of the words." *Wyche v. State*, 232 So.3d 1117, 1120 (Fla. 1st DCA 2017) (citing *Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 945 So.2d 1216, 1225 (Fla. 2006)).

Copayments and coinsurance, as set forth in detail in the Motion, are two distinct concepts. Different words are used because each word has a different dictionary meaning and use in the healh care billing industry.  Further, although the distinction between coinsurance and copayments is raised in the Motion to point out that the statute only applies to "copayments" and deductibles, and not "coinsurance," it does not matter to the Motion.  Complete Care seeks a "judicial declaration that medical providers like Complete Care may hold letters of protection and defer collection of patients' coinsurance amounts and deductibles . . . until those obligations are collected, reduced or waived upon resolution of the patients' bodily injury claims."  (Mot., p. 1). This judicial declaration is not dependent on whether there is a distinction between "copayments" and "coinsurance".

Specifically, the Florida Legislature treats "copayments" and "coinsurance" as distinct obligations and does **not** use those terms interchangeably.  *See* Fla. Stat. § 627.6699(15) ("A law restricting or limiting deductibles, coinsurance, copayments, or annual or lifetime maximum payments does not apply to any health plan policy offered or delivered to a small employer unless such law is made expressly applicable to such policy or contract."); Fla. Stat. § 627.6471(4)(g) ("Notwithstanding the limitations of deductibles and coinsurance provisions in this section, an insurer may require the insured to pay a reasonable copayment per visit for inpatient or outpatient services."); Fla. Stat. § 627.6385(1)(a) ("Estimates do not preclude the actual copayment, coinsurance **percentage,** or deductible, whichever is applicable, from exceeding the estimate.");

Fla. Stat. § 641.19(5) ("'Copayment' means a **specific** dollar amount, except as otherwise provided for by statute, that the subscriber must pay upon receipt of covered health care services."); Fla. Stat. § 409.9081 ("Copayments.—The agency shall require, subject to federal regulations and limitations, each Medicaid recipient to pay at the time of service a nominal copayment for the following Medicaid services:…").  Black's Law Dictionary defines a "copayment" is a "**fixed amount** that a patient pays to a healthcare provider according to the terms of the patient's health plan." *Black's Law Dictionary* (11th ed. 2019); *Wolfe v. McDonough,* 28 F. 4th 1348 (D.C. Cir. 2022) (same).

Unlike fixed "copayment" amounts, "coinsurance" obligations, like those assessed under section 627.7236 at a rate of 20% of the covered medical expenses up to the $10,000 PIP policy limit, are calculated as a percentage of the amount of the claim relative to the amount covered by the insurance company. Significantly, the PIP statute, section 627.736, **only** addresses "coinsurance," it does **not** mention, address and certainly does **not** require "copayments."  *See* Fla. Stat. § 627.736(5)(a)4.  ("If an insurer limits payment as authorized by subparagraph 1., the person providing such services, supplies, or care may not bill or attempt to collect from the insured any amount in excess of such limits, except for amounts that are not covered by the insured's personal injury protection coverage due to the coinsurance amount or maximum policy limits."); *State Farm Mut. Auto. Ins. Co. v. Swearingen,* 590 So. 2d 506, 508 (Fla. 4th DCA 1991) ("medical payments insurance shall be payable to cover those benefits not covered due to the coinsurance provision of [PIP] section 627.736(1)(a)") (brackets in original).  To the extent they exist at all, "coinsurance" obligations for PIP insureds are not a fixed or knowable amount at the time of service or at the time of presenting a claim for finite PIP benefits to an insurer.

IV.    **The Interpretation of the Insurance Fraud Statute, Already Adopted by this Court in
the Temporary Injunction, is Accurate**

State Farm falsely argues, without any evidence and after five years of litigating this issue,
that Complete Care indefinitely defers "copayments" and deductibles and that this is evidence that
Complete Care does not intend to collect these amounts. In addition to being legally frivolous, this
argument also is factually inaccurate. The alleged deferral is only until the patient's bodily injury
claim resolves or their attorney withdraws, as reflected on the letters of protection in the record
and admitted into evidence in September 2025.   First, this argument is irrelevant to the declaratory
relief sought in this Motion, which is whether it is lawful to defer collection of deductibles and
coinsurance amounts (whether characterized as "copayments" or otherwise) pending the resolution
of patients' bodily injury claims at which time such charges may be collected, reduced or waived
as part of a bodily injury claim settlement or verdict.   Second, State Farm does not point to any
evidence to support this argument.  Rather, State Farm states that at a specific point in time "only
34% of [Complete Care's] patients had a 'resolved' bodily injury claim."  That entirely irrelevant
fact does not support the contention that Complete Care is indefinitely deferring "copayments"
and deductibles or that it even would somehow be unlawful to do so.

State Farm's reference to the 34% of cases that have settled between 2023 and 2025 actual
proves Complete Care's point because, while Complete Care must submit its charges to State Farm
on a CMS Form 1500 within no more than 35 days of treating a PIP patient under section 627.736,
the patient's bodily injury claim may not settle or reach a judgement for years thereafter.   No
language in section 768.0427(1)(d) excludes unknown deductible and coinsurance charges from
those "medical expenses" that may lawfully be deferred pending resolution of the bodily injury
claim, and the last sentence of section 817.234(7)(a) contemplates such amounts will be lawfully
deferred and collected, reduced, or waived "as part of a bodily injury claim settlement or verdict."

State Farm's contention to the contrary is frivolous. Bodily injury claims are regularly resolved but there are additional accidents every day, resulting in new bodily injury claims and new treatment of new patients who have brand new unresolved bodily injury claims every day—which will not settle or reach a judgment for years to come. This snap shot in time of a 34% statistic does not support State Farm's argument at all. Rather, as this Court found in granting the temporary injunction in this case, there is a clear distinction between "deferring" and "waiving" coinsurance (or "copayments") and deductibles until bodily injury claims resolve and the statute only refers to "waiver." The Motion should be granted.

**V.    <u>State Farm's Remaining Arguments are Repetitive, Irrelevant, and Meritless</u>**

State Farm repeats arguments made earlier in its opposition (such as needing discovery on a pure issue of law – see section E) or makes baseless arguments (Complete Care cannot rely on an affidavit in support of the Motion, without providing a reason – See Section D). Complete Care's Motion for Summary Judgment on Count III should be granted. Finally, State Farm offers no material facts in dispute to prevent judgment as a matter of law.

**VI.    <u>Conclusion</u>**

State Farm makes arguments that it previously abandoned (e.g., stay of the case), have already been rejected by this Court in the temporary injunction order (e.g., the insurance fraud statute using the term "waiver" and not "deferral" of "copayments" and deductibles) or in denying the motion to continue this summary judgment hearing (denying the motion because the Motion involves pure questions of law) or makes absurd arguments such as that there is not an actual dispute when State Farm has stopped making payments to Complete Care's insureds on this very ground and has sued Complete Care on this ground. State Farm's arguments should be rejected. Complete Care's motion for summary judgment on Count III should be granted.

Respectfully submitted,


*/s/ John D. Goldsmith*
John D. Goldsmith | FBN: 0444278
jgoldsmith@trenam.com
idawkins@trenam.com
svanboskerck@trenam.com
Patrick M. Causey, Esq. | FBN: 086443
pcausey@trenam.com
jstraw@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Blvd., Suite 2700
Tampa, FL  33764
Tel: 813-223-7474
Fax: 813-229-6553

AND

Jason N. Goldman | FBN: 72527
jgoldman@davisgoldman.com
Davis Goldman, PLLC
1221 Brickell Avenue, Suite 1860
Miami, FL  33131
Tel:  305-800-6673

*Attorneys for Plaintiff, Complete Care
Centers, LLC*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed

on January 7, 2026 with the Clerk of Court by using the Florida Courts E-Filing Portal System,

which will send a notice of electronic filing and copy to all counsel of record.


*/s/ John D. Goldsmith*
Attorney